FRANCIS VOSE & another *vs.* SOLOMON MORTON.

A bill of lading, which provides for the payment of freight at a certain rate, " with prim-
age and average accustomed," does not require the payment of primage in cases where
none is payable by the custom of the port of shipment.

ACTION OF CONTRACT by the consignees of railroad iron, to
recover back of the owners of the ship Annie, in which the iron
was brought from Glasgow to New York, money claimed by
the defendants and paid to them as primage under bills of lad-
ing, stipulating for the payment of freight at a certain rate, " with
primage and average accustomed."

At the trial in the court of common pleas, the plaintiffs offered
to prove that, by the custom of Glasgow, no primage was pay-
able on this shipment of iron. But *Perkins*, J. ruled that " inas-
much as the bills of lading provided for the payment of freight
' with primage,' this evidence was not admissible to control the
express terms of said bills of lading." The plaintiffs submitted
to a verdict for the defendant, and alleged exceptions.

The question argued was, whether the bills of lading re-
quired the payment of primage, absolutely, and without regard
to custom.

*A. C. Washburn*, for the plaintiffs.

*A. H. Fiske*, for the defendant.

SHAW, C. J. We should be sorry to weaken the rule of law,
which provides that parol evidence shall not be admitted to
contradict, vary or alter the terms of a written contract; but
the stability and value of the rule itself depends on its being
applied with care and just discrimination. An undertaking to
pay a certain rate of freight, " with primage and average accus-
tomed," in our opinion means such primage and average as
the custom of that trade warrants and requires; if it requires
none, then none is payable by force of the obligation. The
parties appeal to such custom, as the test and measure of the
liability of the one to the other. The contract itself calls for
evidence *aliunde* to give it effect; and if the fact to be proved

is one which can be proved only by parol evidence, parol evidence is necessary and competent. A contract for the present sale of merchandise—say wheat—at a rate to be determined by the average price of wheat in Boston market at a specified future day, would necessarily call for and admit parol evidence to prove what that price was, after the day has passed; because that alone can give effect to the terms of the contract; but it in no sense impugns it, or alters its terms or legal effect. The same rule applies to deeds and other contracts, however solemn and formal. The actual position of monuments, boundaries and other local objects referred to, may be proved by the appropriate evidence, which is usually parol.

The plaintiffs, as consignees, had a right to receive the goods, only on condition of paying the ship-owner, or his agent the master, the stipulated price for their carriage, specified in the bill of lading, but no more. The ship-master had a lien on them to that extent, and no more. By demanding and receiving the goods under these circumstances, by which the lien was discharged, the law implies an obligation on their part to pay such price, though there were no express promise. The true price for carriage was the measure of their liability. If the defendant demanded more, and the plaintiffs paid more, through mistake of fact, they have a right to recover it as money had and received to their use.

Whether the evidence offered would have proved the custom relied on, showing that primage, by the custom of that trade, was not payable, we are not called on to judge; but we are of opinion that the evidence ought to have been received and submitted to the jury. *Exceptions sustained.*